PER CURIAM.
This cause is before us on appeal from a workers’ compensation order awarding *85 claimant wage-loss benefits, interest, and costs, including medical costs to Dr. Jerry Enis, and reservation of jurisdiction for determination of attorney fees.
The employer/carrier (E/C) have raised three issues. Since we reverse the deputy commissioner’s finding that claimant suffered a permanent physical impairment (issue two), the question of whether there is competent, substantial evidence to support an award of wage-loss benefits (issue one) is moot. We affirm the deputy’s decision requiring the E/C to reimburse claimant for the $130 paid by claimant to the authorized physician (issue three). However, reimbursement is limited to the amount authorized in the medical and surgical fee schedule.
Claimant injured his right knee, hip, and neck on July 2, 1980, when he was struck by falling debris. By order entered December 14, 1983, claimant was found to be temporarily partially disabled from September 30, 1981 to December 1, 1982.
Prior to the entry of the 1983 order, but after the injury, claimant worked for Continental Marble and Granite Company (Continental) as a foreman for assembling building panels. Claimant’s duties were easier that the bricklaying work he had done prior to the accident.
On April 3, 1984, claimant and several other employees were laid off. Claimant returned to work for Continental on July 11, 1984, but not in the same job. In his new, more strenuous job, claimant testified that his leg became sore and he was limping. Claimant stated he was terminated after four days because he could not do the work.
Additionally, claimant testified that he looked for work regularly at his union hall; he has not looked for work anywhere other than through his union.
On May 21, 1984, claimant went to see Dr. Enis, an orthopedic surgeon, for evaluation. Claimant had not received any medical treatment since the initial hearings in 1982, and he did not call the carrier for authorization for an evaluation, although both parties agreed that Dr. Enis had been authorized by the E/C. Claimant paid Dr. Enis $130 for the evaluation.
In 1982, Dr. Enis diagnosed internal derangement of the right knee and suspected meniscus tear. In 1984, Dr. Enis opined that the meniscus problem was resolved, in that it was tolerable, and claimant was able to perform his regular work. In 1982, Dr. Enis had recommended surgery, but he did not recommend it in 1984. Absent surgery, Dr. Enis testified claimant reached maximum medical improvement on October 1, 1982. Although Dr. Enis was not familiar with the AMA Guides, given the diagnosed meniscus tear, Dr. Enis would rate claimant with a partial permanent impairment of ten percent of the right knee or the body as a whole, given his line of work. In 1982, Dr. Enis limited claimant’s heavy lifting, and his work in areas where claimant would need dexterity with his lower extremities or in areas where he would have to squat or do prolonged knee flexion, climbing of ladders or stairs, or working on uneven surfaces.
Dr. Enis testified that when claimant was seen on May 21, 1984, claimant had been working full-time with no complaints regarding his knee. Claimant had a range of motion which was almost normal, with no fluid. His ligaments were stable, and his knee was asymptomatic. With these improvements, there were no longer any restrictions.
We reverse the deputy’s finding of a permanent physical impairment for lack of competent, substantial evidence. Dr. Enis testified that he saw claimant last in April of 1984, and stated: “[I]t was my impression that the meniscual problem initially complained of has resolved itself to the point where it’s tolerable for him to live with, and he can be maintained on a regular work status.”
On cross-examination, Dr. Enis testified that as of May 21, 1984, claimant had shown additional improvement, that claimant “had been back working full time as a stonemason and that he had no complaints with his knee, that he had a range of *86 motion of almost normal, no fluid, the ligaments were stable and the knee was asymptomatic.” With the foregoing improvement, Dr. Enis testified claimant no longer had restrictions or an impairment.
Further, we understand the ten percent permanent partial impairment rating, admittedly not based on the AMA Guides, was an evaluation as of October 1, 1982, and claimant has shown improvement since that date.
We affirm the deputy’s order requiring the E/C to reimburse the claimant the $130 paid by claimant to Dr. Enis for his May 21, 1984 visit. Again, reimbursement is limited to the amount authorized in the medical and surgical fee schedule. Dr. Enis had been authorized to treat claimant, and there is no evidence that the doctor was deauthorized. Once a doctor has been authorized to treat an injury, it follows logically that he will also evaluate the status of the injury.
Accordingly, we affirm in part, reverse in part, and remand for entry of an order consistent with this opinion.
BOOTH, C.J., and MILLS, J., concur.
WENTWORTH, J., dissents in part with written opinion.